

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Trinet HR III, Inc.  
Harsh Shah Senior Corporate Paralegal  
TriNet HR Corporation  
1955 Sharonview Way  
Suite 300  
Indian Land SC 29707

07/20/2020

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2020-329

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| # | | |
|---|---|---|
| 1. | **Entity Served:**<br>**Entity Served If Different:** | Trinet HR III, Inc.<br>Trinet Corporation |
| 2. | **Title of Action:** | Stephen W. Coulter vs. Trinet Corporation |
| 3. | **Document(s) Served:** | Civil Action Cover Sheet<br>Summons<br>Breakdown of Damages<br>Civil Tracking Order |
| 4. | **Court/Agency:** | Plymouth County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 2083CV00176 |
| 7. | **Case Type:** | Employment Discrimination |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 07/17/2020 |
| 10. | **Date to Client:** | Monday 07/20/2020 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 20<br>Thursday 08/06/2020 — <u>CAUTION:</u> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Plymouth County Superior Court<br>Brockton, MA |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2083CV00176 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Stephen W. Coulter
**ADDRESS:** 190 Main St., Hanover, MA 02339

**COUNTY:**

**DEFENDANT(S):** TriNet Corporation, 1 Park Place, Dublin, CA 94568

**ATTORNEY:**
**ADDRESS:**

**ADDRESS:**

**BBO:**

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☐ YES ☑ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A? ☐ YES ☑ NO

Is this a class action under Mass. R. Civ. P. 23? ☐ YES ☑ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........ $
2. Total doctor expenses ........ $
3. Total chiropractic expenses ........ $
4. Total physical therapy expenses ........ $
5. Total other expenses (describe below) ........ $
   Subtotal (A): $

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
FEB 26 2020
Clerk of Court

B. Documented lost wages and compensation to date ........ $85,000
C. Documented property damages to date ........ $
D. Reasonably anticipated future medical and hospital expenses ........ $
E. Reasonably anticipated lost wages ........ $50,000
F. Other documented items of damages (describe below) ........
   See attached

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**TOTAL (A-F):** $135,000

**CONTRACT CLAIMS**
(attach additional sheets as necessary)
☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

**TOTAL:** $135,000

Signature of Attorney/ Unrepresented Plaintiff: X SWC    Date: 2/26/2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                    Date:

| Summons | CIVIL DOCKET NO.  2083CV00176 | **Trial Court of Massachusetts**  **The Superior Court** |
|---|---|---|
| CASE NAME:  Coulter, Stephen W  Plaintiff(s)  vs.  TriNet Corporation  1 Park Place  Dublin, CA 94568  Defendant(s) | | Robert S. Creedon, Jr.         Clerk of Courts  Plymouth                              County |
| | | COURT NAME & ADDRESS:  Plymouth Superior Court  72 Belmont Street  Brockton, MA 02301 |

THIS SUMMONS IS DIRECTED TO _TriNet Corporation_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Plymouth Superior Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**
If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**
To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a) Filing your **signed original** response with the Clerk's Office for Civil Business, Plymouth Superior Court 72 Belmont Street, Brockton, MA 02301         (address), by mail or in person **AND**
   b) Delivering or mailing **a copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20___. (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

### PROOF OF SERVICE OF PROCESS

I hereby certify that on 7-17-2020, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

In person to Corp Creations Network as agent for United Agent Group, Inc., for Trinet Corporation. left with Tiffany Phillips - Assistant manager

Dated: 7-17-2020        Signature: _____

**N.B. TO PROCESS SERVER:**
PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

## Coulter v. TriNet Corporation

## Breakdown of Damages

Salary difference between the Director of Sales ($150,000) position and the Sales Consultant ($93,700) position

$57,300

Difference in variable Earnings (commissions) between the Director of Sales ($100,000) and the Sales Consultant ($72,300)

$27,700

| | |
|---|---|
| Total Documented lost wages | $85,000 |
| Emotional Distress | $50,000 |
| **Total Damages** | **$135,000** |

## Coulter v. TriNet Corporation

The plaintiff was employed by TriNet for 4 years. Throughout his tenure, he had consistently exceeded assigned quotas and had received excellent annual performance reviews. He was selected to participate in a highly competitive and sought after leadership development program which he completed satisfactorily. There has not been a single instance of a person who has participated and completed the leadership development program who sought a promotion to not be promoted - except for the plaintiff.

In addition, he also trained and mentored 3 newly hired sales reps when asked to do so as it was understood to be the necessary pathway to promotion. Having 3 mentees was highly unusual, in fact this was the only such instance in the company. There was no additional pay for being a mentor and required a significant time investment.

TriNet refused to promote Mr. Coulter (age 52 at the time) on multiple occasions despite his being qualified for the positions. The people who were hired were in their early thirties. The hiring manager admitted to eliminating the plaintiff from consideration prior to the first interview, yet when called on it, then stated that he was not impressed with the interview. The hiring manager also stated that there were negative reviews from a former supervisor which diametrically contradicted the annual performance reviews, but again when pressed, could not produce corroborating documents. The hiring manager, also attempted to allege that there was negative feedback from the plaintiff's mentees, but yet again, when pressed, could not produce such feedback. In fact, the plaintiff has written documentation that confirms that at no time did the hiring manager, or anyone else involved in the process solicit any feedback whatsoever from Mr. Coulter's mentees.

During this time, there was a demographic shift with regards to the sales reps in the Boston office with a demonstrable reduction in average age.

Mr. Coulter also applied to another position and a less qualified individual in their early thirties was hired. The recruiter had confirmed receipt of the application, though the hiring manager claims to have no knowledge that the application was made. Is this even possible for a company that sells a software product (TriNet Hire) that tracks applicants?

TriNet provided excuses as to why the plaintiff was not promoted, or even called to interview and when called up to provide documentation, they were unable to do so which clearly indicates a predisposition or Pretext to their behavior. The hiring manager's initial statement that he had ruled out the plaintiff prior to the interview seems accurate and the ensuing attempt to cover up for illegal actions further confirms the existence of pretext.

The plaintiff endured significant emotional distress as a result of his treatment by TriNet. The humiliation of being snubbed, along with the obvious feelings of betrayal by a company for which he had worked so hard took its toll. Sleep loss, weight gain and general feeling of inadequacy created strained relationships with family.

Stephen W. Coulter
190 Main St,
Hanover, MA  02339
781-956-4770

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2083CV00176 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Coulter, Stephen W vs. TriNet Corporation | | Robert S. Creedon, Jr., Clerk of Courts |
| TO: Stephen W Coulter 190 Main Street Hanover, MA 02339 | | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/26/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 06/25/2020 | |
| All motions under MRCP 12, 19, and 20 | 06/25/2020 | 07/27/2020 | 08/24/2020 |
| All motions under MRCP 15 | 06/25/2020 | 07/27/2020 | 08/24/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 12/22/2020 | | |
| All motions under MRCP 56 | 01/21/2021 | 02/22/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 06/21/2021 |
| Case shall be resolved and judgment shall issue by | | | 02/25/2022 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED 02/26/2020 | ASSISTANT CLERK | | PHONE |
|---|---|---|---|